**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
_____

**CHRISTOPHER MARCHESE**,
individually and on behalf all
others similarly situated,

          Plaintiff,

v.

**PROFESSIONAL CLAIMS**
**BUREAU, INC.**,

          Defendant.

_____

Civil No.: 2:21-cv-02263-GRB-JMW

## <u>DEFENDANT PROFESSIONAL CLAIMS BUREAU, INC.'S</u> <u>ANSWER AND AFFIRMATIVE DEFENSES</u>

AND NOW comes Defendant Professional Claims Bureau, Inc. ("PCB"), by and through its undersigned counsel, Gordon Rees Scully Mansukhani, LLP, and hereby answers the Class Action Complaint brought by Plaintiff Christopher Marchese ("Plaintiff"). In support thereof, PCB avers as follows:

## <u>ANSWER TO INTRODUCTION</u>

1.      Admitted in part and denied in part. PCB admits that Plaintiff is attempting to assert a claim pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). PCB denies that it violated the FDCPA. Unless otherwise admitted, the allegations in this paragraph are denied.

1

## ANSWER TO JURISDICTION AND VENUE

2.      Denied. PCB denies the allegations in this paragraph as they state conclusions of law to which no response is required. To the extent a response is required, denied.

3.      Denied. PCB denies the allegations in this paragraph, as they constitute of conclusions of law. PCB refers all questions of the law to the Court.

4.      Denied. PCB denies the allegations in this paragraph, as they constitute of conclusions of law. PCB refers all questions of the law to the Court.

## ANSWER TO PARTIES

5.      Admitted in part and denied in part. PCB admits that Plaintiff is a natural person, but lacks knowledge or information sufficient to form a belief as to whether Plaintiff was a resident of the State of New York, Suffolk County, at all times relevant to this action and therefore denies the same.

6.      Admitted.

7.      Admitted in part and denied in part. PCB admits that it has a principal place of business in Garden City, New York. Unless otherwise admitted, the allegations in this paragraph are denied.

8.      Denied. PCB denies the allegations in this paragraph, as they constitute of conclusions of law. PCB refers all questions of the law to the Court.

9.      Admitted in part and denied in part. PCB admits that, at times, it engages in the practice of collecting debts owed to others. PCB objects to the use of term "regularly" as vague and ambiguous and, as such, denies that PCB

"regularly" collects debt. Unless otherwise admitted, the allegations in this paragraph are denied.

10.    Admitted in part and denied in part. PCB admits that, at times, it engages in the practice of collecting debts owed to others. PCB objects to the use of term "regularly" as vague and ambiguous and, as such, denies that PCB "regularly" collects debt for profit. Whether the debt PCB collects is consumer in nature constitutes a legal conclusion. PCB refers all questions of the law to the Court. Unless otherwise admitted, the allegations in this paragraph are denied.

11.    Denied. PCB objects to the use of term "principal purpose" as vague and ambiguous and, as such, denies that PCB' "principal purpose" is the collection of debts.

12.    Admitted in part and denied in part. PCB admits that, at times, it uses the telephone and mail in connection with its debt collection efforts. Unless otherwise admitted, the allegations in this paragraph are denied.

13.    Denied. The allegations in this paragraph consist of conclusions of law and PCB denies these conclusions. PCB refers all questions of law to the Court.

14.    Denied. PCB denies the allegations in this paragraph.

## **ANSWER TO FACTUAL ALLEGATIONS**

15.    Denied. PCB lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph. As such, the allegations are denied.

16.     Admitted in part and denied in part. PCB admits that based on a review of its records, Plaintiff had a due and owing balance of $20.00. PCB lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph. As such, the remaining allegations are denied.

17.     Denied. PCB denies the allegations in this paragraph as they constitute of conclusions of law. PCB refers all questions of the law to the Court.

18.     Admitted in part and denied in part. PCB admits that North Shore-LIJ Medical Group ("North Shore") hired PCB to try to recover on Plaintiff's valid and delinquent debt obligation. Unless otherwise admitted, PCB denies the allegations in this paragraph.

19.     Denied. PCB lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore denies the same.

20.     Admitted in part and denied in part. PCB admits that its records reflect that it issued a collection letter, dated October 14, 2020, to Plaintiff in connection with Plaintiff's undisputed, valid and delinquent monetary obligation owed to North Shore that Plaintiff incurred because of his failure to pay his debt obligation to North Shore for medical services. Unless otherwise admitted, PCB denies these allegations.

21.     Admitted in part and denied in part.  PCB admits that it contracted with a registered commercial mail vendor whose compliance, data security and privacy practices meet and/or exceed industry standards to issue Plaintiff a

4

letter regarding his debt.  Further responding, PCB denies the remaining allegations set forth in this paragraph.

22.    Admitted in part and denied in part. PCB admits that it used the services of a letter vendor for the ministerial tasks of importing electronic data from PCB into a letter template, and printing and mailing the October 14, 2020 letter. Unless otherwise admitted, PCB denies these allegations. PCB denies that the vendor was a third-party on the context of the FDCPA.

23.    Denied. PCB denies that it disclosed Plaintiff's status as a "debtor", the fact that Plaintiff allegedly owed $20.00 to North Shore or that any other highly personal pieces of information were disclosed to the mail vendor.  Further responding, PCB lacks knowledge or information sufficient to admit or deny that Plaintiff's monetary obligation is a "debt" or that Plaintiff is a "debtor" under the FDCPA.

24.    Denied. PCB denies that the incidental and ministerial transfer of electronic information to a "back office" vendor is a communication *in connection with the collection of a debt*. See FTC staff commentary, Statements of General Policy or Interpretation Staff Commentary On the Fair Debt Collection Practices Act, 53 FR 50,097-02, 50,104 (Dec. 13 1988); *see also White v. Goodman*, 200 F.3d 1016, 1019 (7th Cir. 2000) ("The Fair Debt Collection Practices Act is not aimed at … companies that perform ministerial duties for debt collectors, such as stuffing and printing the debt collector's letters"). PCB denies that Section 1692c(b) of the FDCPA precludes communications "with respect to" or "regarding" a debt, just communications "in connection with the collection of any

debt" and denies that the transfer of electronic data to a medium, i.e., a letter vendor, is a "communication in connection with the collection of a debt" prohibited by Section 1692c(b) of the FDCPA.

25.     Admitted in part and denied in part.  PCB admits that the mail vendor's computer system populated a template letter for mailing to Plaintiff. Except as otherwise admitted, PCB denies the remaining allegations in this paragraph.

26.     Admitted in part and denied in part. PCB admits that a redacted copy of the letter mailed to Plaintiff by PCB, dated October 14, 2020, is annexed to Plaintiff's Complaint as Exhibit 1. PCB lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

27.     Denied. PCB denies that the incidental and ministerial transfer of electronic information to a "back office" vendor is a communication in connection with the collection of a debt.  See FTC staff commentary, Statements of General Policy or Interpretation Staff Commentary On the Fair Debt Collection Practices Act, 53 FR 50,097-02, 50,104 (Dec. 13 1988), see also *White v. Goodman*, 200 F.3d 1016, 1019 (7th Cir. 2000). PCB denies that § 1692c(b) of the FDCPA precludes communications "with respect to" or "regarding" a debt, just communications "in connection with the collection of any debt" and denies that the transfer of electronic data to a medium, i.e., a letter vendor, is a "communication in connection with the collection of a debt" prohibited by Section 1692c(b) of the FDCPA.

6

28.     Admitted in part and denied in part. PCB admits that the letter of October 14, 2020, was its initial written communication with Plaintiff. PCB lacks sufficient knowledge or information to form a belief as to the remaining allegations of this paragraph and therefore denies the same.

### ANSWER TO FIRST COUNT
### Alleged violation of 15 U.S.C. §§ 1692c(b) & 1692f

29.     No response is required to this paragraph as Plaintiff is merely incorporating his allegations from prior paragraphs by reference. To the extent that a response is deemed necessary, PCB incorporates its responses to Paragraphs 1 through 28 as though fully set forth herein at length.

30.     Denied. PCB denies the allegations in this paragraph as 15 U.S.C. § 1692c(b) is a writing that speaks for itself. PCB further denies the allegations in this paragraph to the extent that they mischaracterize the contents of that writing or its application to back office transfers of electronic data, and call for conclusions of law.

31.     Denied. The allegations in this paragraph state conclusions of law to which no responsive pleading is required. To the extent a response is required, PCB denies the allegations contained in this paragraph.[1]

---

[1] A mail vendor falls within the exception regarding "communications", because a debt collector is allowed to communicate with its back-office vendors concerning a debt. In fact, Congress made clear that such an exception existed in the body of the FDCPA regarding the incidental transfer of data—see sections 1692f(5) and 1692f(8) regarding the sending of telegrams. No one could rationally argue a distinction between the lawful conveyance of data to a telegram company, which was approved by Congress in the FDCPA, versus the transfer of the same electronic data to a letter vendor.  Such communication is not in connection with the collection of a debt any more than a voicemail message to a

32.     Denied. PCB lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore denies the same.

33.     Denied. PCB lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore denies the same.

34.     Denied. PCB lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore denies the same.

35.     Denied. PCB objects to the use of phrase "for these purposes" as vague and ambiguous and, as such, denies that PCB has utilized a third-party vendor "for these purposes" thousands of times.

36.     Denied. PCB denies the ministerial transfer of electronic data to its mail vendor was a communication in connection with the collection of a debt. PCB denies the remaining allegations in this paragraph as conclusory and objectively false.

37.     Denied. PCB denies these conclusory allegations.  A factual basis for these conclusory allegations is demanded of Plaintiff.

38.     Denied. PCB denies these conclusory allegations.  A factual basis for these conclusory allegations is demanded of Plaintiff.

39.     Denied. PCB denies the allegations in this paragraph as they call for conclusions of law.  PCB refers all questions of law to the Court.

---

consumer's cellular telephone is a communication with the telephone company that stores the voicemail.

40.     Denied. 15 U.S.C. § 1692f is a writing that speaks for itself. PCB denies the allegations of this paragraph to the extent they mischaracterize the contents of that writing.

41.     Denied. The allegations in this paragraph consist of conclusions of law and PCB denies these conclusions. PCB refers all questions of law to the Court. Furthermore, Section 1692f contemplates the use of telegram vendors, who serve the same functions as letter vendors.

42.     Denied. PCB denies that it improperly disclosed any private and sensitive information to the letter vendor.

43.     Denied. PCB denies that it improperly disclosed information about Plaintiff's debt to a letter vendor.

44.     Denied. PCB denies that it violated §§ 1692c(b) or 1692f of the FDCPA.  PCB further denies that it is liable to Plaintiff absent a viable individual claim and that Plaintiff's obligation to arbitrate any individual claim(s) he may have obviates any viable class claim. Further, PCB denies Plaintiff is entitled to any judgment, statutory damages, or costs and attorneys' fees pursuant to the FDCPA.

**<u>ANSWER TO CLASS ALLEGATIONS</u>**

45.     Admitted in part and denied in part. PCB admits that Plaintiff asserts individual and class claims in this matter. PCB further admits that Plaintiff defines his class to include "all consumers similarly situated in the County of Suffolk." PCB denies that Plaintiff has asserted a viable individual claim or a viable class claim. PCB further denies that class treatment is

appropriate and denies any violation of the FDCPA. Unless otherwise admitted, the allegations in this paragraph are denied.

46.     Admitted in part and denied in part. PCB admits that Plaintiff attempts to seek certification of a class defined as "[a]ll consumers where [PCB] sent information concerning the consumer's debt to a third-party vendor without obtaining the prior consent of the consumer, which disclosure was made on or after a date one year prior to the filing of this action to the present." PCB denies that Plaintiff has standing to serve as a class representative and asserts that, even if he does, the defined class is a fatally flawed, fail-safe class warranting dismissal. PCB further denies that Plaintiff has asserted a viable individual claim, let alone a viable class claim. In addition, PCB denies that class treatment is appropriate and denies any violation of the FDCPA. Unless otherwise admitted, the allegations in this paragraph are denied.

47.     Admitted in part and denied in part. PCB admits that Plaintiff alleges PCB violated the FDCPA, seeks a finding that PCB' conduct violates the FDCPA and seeks damages under Section 1692k. PCB denies engaging in any conduct in connection with Plaintiff that could be deemed violative of the FDCPA and denies any liability to Plaintiff.

48.     Denied. On information and belief, PCB denies the allegations in this paragraph. PCB further denies the existence of numerosity in Plaintiff's putative class and leaves Plaintiff to his burden of proof.

49.     Denied. PCB denies that Plaintiff's claims are typical of the claims of the Class.  PCB further denies that common questions of law or fact outweigh

the individual issues presented, thereby precluding class treatment in this matter. Further, PCB denies that class treatment is superior to other available methods for the efficient adjudication of this controversy,

50.    Denied. PCB denies the allegations regarding the risk of inconsistent or varying adjudication. PCB further denies that declaratory relief is an available remedy under the FDCPA for private litigants, even in the context of a class action, as a well-settled matter of statutory construction and common law.

51.    Denied. PCB denies that Plaintiff would fairly and adequately protect the interest of his putative class and denies that Plaintiff's counsel possesses the necessary experience to serve as class counsel, as demonstrated by the fail-safe class definition counsel proposes. PCB further denies that there are common questions of law and fact that predominate over questions affecting individual members of the putative class. In addition, PCB denies the allegations in this paragraph as they consist of conclusions of law. PCB refers all questions of law to the Court.

**ANSWER TO JURY DEMAND**

52.    Admitted in part and denied in part. PCB admits that Plaintiff seeks a jury trial regarding the claims set forth in his Complaint. PCB denies that Plaintiff is entitled to a trial by jury as to PCB in the absence of any viable claims. Unless otherwise admitted, the allegations in this paragraph are denied.

**ANSWER TO PRAYER FOR RELIEF**

Defendant Professional Claims Bureau, Inc. denies the allegations in Plaintiff's "WHEREFORE" clause. Specifically, PCB denies that Plaintiff's fail-safe

class could be certified and denies that Plaintiff's prayer for relief is appropriate in the absence of any viable claims under the FDCPA. Further, PCB denies that Plaintiff is entitled to costs or attorneys' fees in the absence of any viable claims. Therefore, PCB asks that the Court award PCB its attorneys' fees, court costs, and any other and further relief that the Court deems just or equitable.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted. PCB neither violated the FDCPA in the course of its collection efforts to recover on a valid and delinquent monetary obligation owed by Plaintiff, nor did it improperly communicate with a third party in connection with the collection of a debt. Therefore, Plaintiff's claims against PCB under the FDCPA should be dismissed or withdrawn.

### SECOND AFFIRMATIVE DEFENSE

At all times relevant hereto, PCB acted in good faith and/or with good cause and has not violated any rights which may be secured to Plaintiff under any federal, state, city, or local laws, rules, regulations, codes, or guidelines.

### THIRD AFFIRMATIVE DEFENSE

PCB did not invade Plaintiff's privacy based on the ministerial transfer of electronic data, through a secure and private transmission to its vendor.

### FOURTH AFFIRMATIVE DEFENSE

The secure electronic transmission of data to PCB' agent, a letter vendor, does not violate the FDCPA as it is not a communication in connection with the

12

collection of a debt. Therefore, PCB did not violate § 1692c(b) of the FDCPA. *See* FTC staff commentary, Statements of General Policy or Interpretation Staff Commentary On the Fair Debt Collection Practices Act, 53 FR 50097-02, 50104, 1988 WL 269068 (F.R.) (Dec. 13 1988) ("A debt collector may contact an employee of a telephone or telegraph company in order to contact the consumer, without violating the prohibition on communication to third parties, if the only information given is that necessary to enable the collector to transmit the message to, or make the contact with, the consumer"); *White v. Goodman*, 200 F.3d 1016, 1019 (7th Cir. 2000) ("The Fair Debt Collection Practices Act is not aimed at … companies that perform ministerial duties for debt collectors, such as stuffing and printing the debt collector's letters"); *see also* CFPB Regulation F, 85 Fed. Reg. 76734-01, 2020 WL 7014904 (F.R.) (Nov. 30, 2020) ("the Bureau understands that debt collectors can reduce the number of calls needed to establish an [right party contact] by purchasing higher-quality contact information from data vendors"); 86 Fed. Reg. 5766-01 n.446, 2021 WL 155534 (Jan. 19, 2021) (recognizing, with approval, that "over 85 percent of debt collectors surveyed by the Bureau reported using letter vendors").[2]

## FIFTH AFFIRMATIVE DEFENSE

The secure transmission of data from computer server to computer server does not violate the FDCPA, as there is no human review or intervention or

---

[2] Indeed, sixteen (16) amicus briefs have been filed in pursuit of *en banc* review of the *Hunstein* decision, focusing on significant issues overlooked or misconstrued by the 11th Circuit in its *Hunstein* decision. *See* http://www.accountsrecovery.net/hunstein-related-resource-guide/  (last visited 6/15/2021).

possible dissemination to the public. Therefore, there is no qualitative basis for "invasion of privacy" claims.

## SIXTH AFFIRMATIVE DEFENSE

The plain text of the FDCPA contemplates the use of third-party vendors. Congress specifically approved of the use of vendors and the electronic transfer of information to vendors as conduct that did not violate the FDCPA. While a debt collector is prohibited from communication with third parties in connection with the collection of any debt, a debt collector is not prohibited from communicating with a third party "with respect to" or "regarding" a debt. Congress approved the transfer of data to vendors in the body of the FDCPA. *See* 15 U.S.C. §§ 1692b(5), 1692f(5) and 1692f(8), permitting the use of telegrams. To argue a distinction between the transfer of data to a telegram company versus the same transfer of data to a letter vendor is disingenuous. Therefore, the argument that a debt collector runs afoul of the FDCPA in connection with a communication "with respect to" or "regarding" a debt (i.e., the transfer of data to a letter vendor), as opposed to a communication in connection with the collection of a debt to a third party (i.e., family members, employers, friends, or neighbors) lacks any basis in law or fact.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint does not allege facts sufficient to rise to the level of conduct required to recover statutory damages under the FDCPA, and thus all requests for statutory damages thereunder are improper.

## EIGHTH AFFIRMATIVE DEFENSE

PCB asserts that an award of statutory damages in the absence of actual damages would exceed the limits of Constitutional due process.  See, e.g., *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996).

## NINTH AFFIRMATIVE DEFENSE

PCB is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff and resulted from Plaintiff's own actions.

## TENTH AFFIRMATIVE DEFENSE

The damages claimed by Plaintiff could have been mitigated with due diligence by one acting under similar circumstances. Plaintiff's failure to mitigate is a bar to recovery.

## ELEVENTH AFFIRMATIVE DEFENSE

For a statement to be violative of any subsection of § 1692e of the FDCPA, it must be both material and misleading. It must induce a consumer to act in a manner that the consumer would otherwise have not acted but for the statement. Plaintiff has pleaded no facts demonstrating actions taken in reliance on the language of the letter.  Therefore, Plaintiff's claims under § 1692e cannot prevail as a matter of law.

## TWELFTH AFFIRMATIVE DEFENSE

PCB asserts that "for a communication to be in connection with the collection of a debt, an animating purpose of the communication must be to

induce payment by the debtor." *Gruden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011); *see also Gburek v. Litton Loan Serv. LP*, 614 F.3d 380, 385 (7th Cir. 2010). The animating purpose of communicating with a print-and-mail vendor is not to induce payment nor is it to embarrass or harass the consumer; rather, it is to secure the ministerial services of printing, folding, stuffing, sealing, metering and mailing.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Class treatment is not only grossly unfair to individualized treatment in this matter, but class treatment is inappropriate based on Plaintiff's overly-inclusive, fail-safe class definition.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is not an adequate class representative and would not fairly and adequately protect the interest of his putative class.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's counsel is inadequate to serve as class counsel as counsel does not possess the necessary experience to serve as class counsel, as demonstrated by the fail-safe class definition counsel proposes.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Common questions of law or fact do not exist and do not outweigh the individual issues, precluding class treatment in this matter.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are atypical of his putative classes.

## EIGHTEENTH AFFIRMATIVE DEFENSE

PCB has established and implemented, with due care, reasonable practices and procedures to effectively prevent violations of the FDCPA.

## NINETEENTH AFFIRMATIVE DEFENSE

If the FDCPA permits a debt collector to provide consumer data to Western Union to transmit correspondence to a consumer, but not to use a print-and-mail vendor to perform the same service, then 15 U.S.C. § 1692c(b) is void for vagueness in violation of the Fifth Amendment, U.S. Const. Amend. 5.

## TWENTIETH AFFIRMATIVE DEFENSE

Any violation of the law claimed by Plaintiff, which PCB denies, was due to the affirmative actions or omissions of Plaintiff or others and does not give rise to any liability of PCB.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Any purported damages claimed by Plaintiff, which PCB denies, were due to the affirmative actions or omissions of Plaintiff or others and does not give rise to any claim of damages against PCB.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

PCB denies that Plaintiff is entitled to or should recover statutory damages in any amount. *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573 (2010); *Jerman v. Carlisle*, No. 1:06 CV 1397, 2011 U.S. Dist. LEXIS 40771 (N.D. Ohio Apr. 13, 2011).

## TWENTY-THIRD AFFIRMATIVE DEFENSE

PCB asserts that an award of statutory damages in the absence of actual damages would exceed the limits of Constitutional due process.  See, e.g., *State Frm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408(2003); *BMW of N. Am. V Gore*, 517 U.S. 559 (1996).

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

PCB asserts that the conduct of which Plaintiff complains is expressly authorized by the FDCPA. The FDCPA's authorization of the use of telegrams necessarily encompasses the use of print-and-mail vendors.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

PCB specifically denies that its print-and-mail vendor is a "third party" within the scope of 15 U.S.C. § 1692c(b). The special and confidential relationship between PCB and its letter vendor makes the letter vendor PCB' agent and not a third party.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

PCB asserts that its conduct was authorized by Regulation F, 85 Fed. Reg. 76734, 86 Fed. Reg. 5766. Congress granted to the Consumer Financial Protection Bureau the power to promulgate rules implementing the FDCPA. See 15 U.S.C. § 1692l(b)(6). Therefore, the Regulation is entitled to deference pursuant to *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984).  See also 12 U.S.C. § 5512(b)(4)(B).

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

PCB reserves the right to raise any other Affirmative Defenses not previously asserted in this Answer as they may arise through further investigation or discovery.

**WHEREFORE**, Defendant Professional Claims Bureau, Inc., prays that this Answer be deemed good and sufficient and that Defendant be dismissed with prejudice; that judgment be granted to Defendant and that the relief requested by Plaintiff be denied; that all costs be taxed to Plaintiff. PCB respectfully requests that the Court award such other and further relief as may the Court may deem just and equitable.

Dated:   New York, New York
         June 16, 2021

**GORDON REES SCULLY MANSUKHANI, LLP**

Matthew B. Johnson
One Battery Park Plaza, 28th Fl.
New York, NY 10004
Ph. 212.453.0767
Fax. 212.269.5500
mbjohnson@grsm.com
*Attorneys for Defendant*
*Professional Claims Bureau, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 16, 2021, a true and accurate copy of Defendant's Answer with Affirmative Defenses was filed and served upon the following parties and participants via ECF:

David M. Barshay, Esq.
Barshay, Rizzo & Lopez, PLLC
445 Broadhollow Road, Suite CL 18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 707-5055
*Attorneys for Plaintiff*

**GORDON REES SCULLY MANSUKHANI, LLP**

Matthew B. Johnson
One Battery Park Plaza, 28th Fl.
New York, NY 10004
Ph. 212.453.0767
Fax. 212.269.5500
mbjohnson@grsm.com
*Attorneys for Defendant*
*Professional Claims Bureau, Inc.*

1239177/59008509v.1

20